# IN THE SUPREME COURT OF THE STATE OF NEVADA

RENE ANDRES CHAVEZ-
HERNANDEZ, A/K/A RENE ANDRES
CHAVEZHERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 68589

**FILED**

APR 26 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, three counts of sexual assault, and two counts of grand larceny. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Appellant Rene Chavez-Hernandez sexually assaulted victims K.T. and T.R. in their hotel room and stole electronics, jewelry, and cash from the room. During jury selection, the State used four peremptory strikes. After the fourth peremptory strike, Chavez-Hernandez lodged a *Batson* challenge "as to [prospective juror 24]," the fourth dismissed prospective juror, claiming the State's peremptory strike was improperly made because prospective juror 24 was Hispanic. After hearing arguments regarding the peremptory strike, the district court denied the *Batson* challenge. Chavez-Hernandez was found guilty on all counts, and sentenced to serve concurrent and consecutive prison terms totaling 22 years to life in the aggregate. On appeal, Chavez-Hernandez argues (1) there was insufficient evidence to support the convictions for sexual assault, and (2) the district court erred by denying his *Batson* challenge.

We conclude (1) there is sufficient evidence to support the sexual assault convictions, and (2) the district court did not err in denying

Chavez-Hernandez's *Batson* challenge. Accordingly, we affirm the judgment of conviction.

*Sufficient evidence exists to support Chavez-Hernandez's three sexual assault convictions*

Chavez-Hernandez claims that there was no credible evidence presented that it was not a consensual sexual encounter with K.T. and that there was overwhelming evidence suggesting that it was a consensual sexual encounter with T.R. We disagree.

To determine sufficiency of the evidence, this court "review[s] the evidence in the light most favorable to the prosecution and determine[s] whether any rational juror could have found the elements of the crime beyond a reasonable doubt." *Watson v. State*, 130 Nev., Adv. Op. 76, 335 P.3d 157, 169 (2014); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In doing so, this court does "not reweigh the evidence or determine credibility as those functions belong to the jury." *Watson*, 130 Nev., Adv. Op. 76, 335 P.3d at 169.

NRS 200.366(1)(a) provides that a person who "[s]ubjects another person to sexual penetration . . . against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting" is guilty of sexual assault. Additionally, the testimony of a sexual assault victim need not be corroborated. *Gaxiola v. State*, 121 Nev. 638, 647-49, 119 P.3d 1225, 1231-33 (2005). A victim's testimony alone, if believed beyond a reasonable doubt, is sufficient to sustain a verdict of guilty. *Id.* at 648, 119 P.3d at 1232.

Chavez-Hernandez argues that, because T.R. was flirtatious earlier in the evening, and because K.T. never explicitly said "no" or "stop," that the State did not produce sufficient evidence demonstrating

that the women did not consent to having sex with him. This argument is not supported by the record. There is substantial evidence both women were forced into sexual acts against their will or under conditions in which Chavez-Hernandez knew or should have known the women were incapable of resisting. Both women testified that they were intoxicated to the point of unconsciousness when Chavez-Hernandez began having sex with them. K.T. had never met Chavez-Hernandez before he attempted to have sex with her while she was passed out. K.T. testified that she tried to push Chavez-Hernandez away from her to get him to stop. T.R. testified that she repeatedly told Chavez-Hernandez to stop. Based on this testimony, we conclude that there was sufficient evidence to support Chavez-Hernandez's three convictions for sexual assault beyond a reasonable doubt.

*The district court did not err in denying Chavez-Hernandez's Batson challenge*

Chavez-Hernandez argues the district court erred in denying his *Batson* challenge. We disagree.

"An equal protection challenge to the exercise of a peremptory challenge is evaluated using the three-step analysis set forth . . . in *Batson* [*v. Kentucky*, 476 U.S. 79 (1986)]." *McCarty v. State*, 132 Nev., Adv. Op. 20, 371 P.3d 1002, 1007 (2016); *see also Purkett v. Elem*, 514 U.S. 765, 767-68 (1995) (summarizing the three-step *Batson* analysis).

> First, the opponent of the peremptory challenge must make out a prima facie case of discrimination. Then, the production burden . . . shifts to the proponent of the challenge to assert a neutral explanation for the challenge that is clear and reasonably specific. Finally, the trial court must . . . decide whether the opponent of the challenge has proved purposeful discrimination.

*McCarty*, 132 Nev., Adv. Op. 20, 371 P.3d at 1007 (alterations in original) (citations and internal quotation marks omitted). This court "review[s] the district court's ruling on the issue of discriminatory intent for clear error." *Id.*

While Chavez appeals the dismissal of four prospective jurors, Chavez-Hernandez failed to preserve claims as to the first three prospective jurors dismissed by the State. *See Rhyne v. State*, 118 Nev. 1, 11, 38 P.3d 163, 170 (2002) (holding that a failure to raise a *Batson* challenge below precludes a defendant from raising the issue on appeal). However, we may address plain or constitutional error sua sponte. *See Gray v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008). In doing so, we conclude that Chavez-Hernandez has failed to demonstrate any error under *Batson* because the State provided race-neutral explanations for the first three dismissed prospective jurors. *See Batson*, 476 U.S. at 96-98.

Further, we conclude the State offered a clear and reasonably specific race-neutral explanation to the dismissal of prospective juror 24—the State dismissed prospective juror 24 because of her answers to the State's questions regarding law enforcement and her past experiences with the justice system. Additionally, the district court found Chavez-Hernandez had not proven purposeful discrimination and stated that the court did not "see a valid basis for a *Batson* challenge on [prospective juror 24]."[1] Accordingly, we hold the district court's denial of Chavez-Hernandez's *Batson* challenge was not clearly erroneous.[2]

---

[1]Chavez-Hernandez also claims the district court erred by not holding a hearing with each dismissed prospective juror to determine
*continued on next page . . .*

Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Eric Johnson, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

---

. . . *continued*

whether they were minorities. Such a hearing is not required under *Batson* and, therefore, this argument is without merit.

[2]We have considered the parties' other arguments and conclude they are without merit.